## NATHANIEL BEHYMER
### v.
## FRANCES ODELL.

*Practice—Point Raised Too Late—Real Property—Action to Recover Statutory Penalty for Cutting Timber—Proof of Plaintiff's Ownership.*

1.  The objection that recovery was had by one of two plaintiffs without dismissing as to the other, can not be raised for the first time in this court on a second review of the cause, the same ground for the objection existing on the former hearing.

2.  In an action brought to recover the statutory penalty for cutting timber on plaintiff's land, it is necessary to prove the plaintiff's ownership of the land on which the cutting complained of was done.

3.  This proof may be made by showing a connected chain of title from the government, or by deed conveying to the plaintiff, and actual possession of the land by the plaintiff or prior possession by his grantor.

[Opinion filed December 7, 1892.]

APPEAL from the Circuit Court of Wayne County; the Hon. S. Z. LANDES, Judge, presiding.

[Messrs. HANNA & HANNA, for appellant.

Messrs. CREIGHTON & KRAMER, for appellee.

MR. JUSTICE GREEN. The point now made in respect to the recovery by one of two plaintiffs, without dismissing as to the other, should have been made when this cause was before considered by us. It is made too late now. Error that might have been assigned for that reason existed prior to the former decision and should have been then presented for review. Mfg. Co. v. Wire Fence Co., 119 Ill. 43.

This case was once before decided by this court and is reported in 31 Ill. App. 351. It is a suit brought to recover the statutory penalty for cutting timber upon the land of another without having first obtained permission so to do from the owner of such land. It is a suit in which the

judgment was recovered by Frances Odell, appellee, claiming to be the owner of land upon which appellant is alleged to have cut certain trees without her permission, in violation of the provisions of the statute.

A suit like this can be maintained by the owner only, and proof that Frances Odell was owner of the land upon which the trees were cut at the time the same were cut was essential to justify the recovery. This proof may be made by evidence showing a connected chain of title from the general government to the plaintiff or by deed to plaintiff conveying the land and actual possession of the land by plaintiff claiming under such deed. Prior possession alone has been held by our Supreme Court in Keith v. Keith, 104 Ill. 402, as evidence of a fee. The lowest must prevail until rebutted. Appellee read in evidence on her behalf, to establish ownership in her, a quit claim deed from William Shaeffer and wife to her, conveying the land upon which the trees were cut. This deed of itself, it is conceded, would not be sufficient without proof of prior possession by her grantor or actual possession by her of said land. Counsel for appellee have collated portions of the evidence which they claim prove such actual possession by her and invite our attention to it. We have carefully examined the evidence in the record and find it insufficient to sustain such contention.

There was no proof of prior possession in her grantors of said land, nor of actual possession of the same by her. Hence the verdict was unwarranted and the judgment erroneous. The first instruction given on behalf of plaintiff below was calculated to mislead the jury and ought not to have been given. We refrain from further comment upon the evidence inasmuch as the cause will probably be again tried by a jury. The judgment is reversed and cause remanded.

*Reversed and remanded.*